IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| DOUGLAS E. HERMAN, | ) | Cause No. CV 06-142-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS and RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On September 28, 2006, Petitioner Douglas E. Herman ("Herman") filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Herman is a state prisoner proceeding pro se.

On August 22, 2007, the Court ordered Respondents (hereafter "the State") to file an Answer. The State complied on October 9, 2007, and filed a supplement to its Answer on December 21, 2007. Though Herman was permitted to file a Reply, he did

not do so.  See Order to Serve Habeas Petition (doc. 10) at 4 ¶ 4; see also Supp. Resp. (doc. 17) at 5.

On June 16, 2008, Herman was ordered to file a Reply and an affidavit.  He did not do so.

**I. Background**

On August 26, 2002, Herman was charged with felony driving under influence of alcohol ("DUI") in Montana's Thirteenth Judicial District Court, Yellowstone County.  On October 16, 2002, he signed an acknowledgment and waiver of rights and pled guilty to felony DUI.  On February 4, 2003, he was sentenced to serve fifteen years in prison, with five years suspended.

On April 14, 2003, Herman filed a notice of appeal.  The appeal was dismissed as untimely.  See Mont. R. App. P. 4(5)(b)(i).

On January 7, 2004, Herman filed a petition for post-conviction relief in the state district court.  The trial court denied relief, and Herman appealed.  On November 8, 2005, the Montana Supreme Court affirmed the trial court's denial of postconviction relief.

Herman filed his federal petition for writ of habeas corpus on September 26, 2006.  See Pet. at 7, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988)

(establishing prison mailbox rule).

## II. Herman's Allegations

Herman's claims are difficult to distill because he simply submitted to this Court the same documents he filed in state court. However, he has not advised the Court that it has misunderstood his claims in any respect. He alleges four grounds for relief:

1. The State's failure to give notice at the omnibus hearing of its intention to have Herman sentenced as a persistent felony offender violated his right to due process.

2. The sentence exceeded the court's statutory authority.

3. Herman was entitled to be placed on probation after completing a residential alcohol treatment program.

4. Herman was denied counsel and access to the courts on appeal.

## III. Analysis

### A. First Three Claims

The Court previously found that Herman's first three claims for relief did not allege that his custody violated "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 506 (9th Cir. 1994). <u>See also</u> Order to Serve Habeas Petition at 3 ¶ E. Herman argues that the State

said, at the omnibus hearing, that it would not seek to use his previous convictions against him. That representation pertained to the evidence the State anticipated admitting at trial, not at sentencing. See Mont. Code Ann. § 46-13-110(2) ("The purpose of the [omnibus] hearing is to expedite the procedures leading up to the trial of the defendant."). Herman's exhibits conclusively show that he knew, before he pled guilty, that the State would seek to designate him a persistent felony offender. See Pet. Ex. H at 2. Therefore, he was fully aware of the direct consequences of his guilty plea, see Brady v. United States, 397 U.S. 742, 755 (1970), and he cannot show a violation of his federal rights.

Because Herman was legitimately designated as a persistent felony offender, the sentence did not exceed the trial court's authority, and he was not entitled to be placed on probation. See Mont. Code Ann. § 46-18-502(1) (2001). Herman's first three claims should be denied.

**B. Fourth Claim**

Herman's last claim alleges that he was deprived of his Sixth Amendment right to the effective assistance of counsel. Montana's state postconviction form petition asks, "Did you appeal from the judgment of conviction?" Herman responded, "I tried

to but counsel refused, and see S. Ct. # 03-345."[1] State Postconviction Petition at 4 ¶ 6, Herman v. State of Montana, No. DV 04-0009 (Mont. 13th Jud. Dist. Jan. 7, 2004) (Answer Ex. D-120 to D-121).[2]

In response to this claim, the State concedes that the deferential standards of 28 U.S.C. § 2254(d) would not apply because the Montana Supreme Court did not apply the correct controlling authority.[3] See Answer (doc. 11) at 12-13 ¶ 25 (erroneously numbered "23"). In its Answer, the State suggested that an evidentiary hearing would be required.

However, on December 21, 2007, the State filed an Affidavit from Kobi Gibbs, Herman's attorney. Gibbs states that she does not recall discussing an appeal with Herman and has no record of telephone calls or correspondence from Herman regarding an appeal. She also notes, as Herman states in his Petition, that he pled guilty pursuant to a plea agreement with the State and he received the sentence called for in the agreement. See Gibbs Aff. (doc. 17 #1) at 2-3 ¶ 5. In its Supplement to the

---

[1] State v. Herman, No. 03-345 (Mont. July 10, 2003) (Answer Ex. B-038 to B-039), was Herman's direct appeal. His opening brief in that case was virtually identical to his state postconviction petition and his opening brief on appeal from the trial court's denial of his state postconviction petition.

[2] A file-stamped copy of this document is included in the State's Answer. See Answer Ex. D-108 to D-122. See also Mem. in Supp. of Pet. for Post Conviction Relief (doc. 1-#11 at 4 ¶ 6).

[3] See Order at 6-7 ¶¶ 13-14, Herman v. State of Montana, No. 04-731, 2005 MT 283N (Mont. Nov. 8, 2005) (noncitable) (applying Strickland v. Washington, 466 U.S. 668 (1984)); Appellant's Opening Br. at 9-10, State v. Herman, No. 04-731 (Mont. filed Mar. 4, 2005) (Answer Ex. E-165 to E-166); Roe v. Flores-Ortega, 528 U.S. 470 (2000); Anders v. California, 386 U.S. 738 (1967).

Answer, the State asserted:

> In light of Gibbs' statements, the Respondent does not believe Herman is entitled to any habeas relief on his ineffective assistance of counsel claim. In his reply, Herman will be given the opportunity to respond to Gibbs' statements in her affidavit. If Herman claims in his reply that he had asked Gibbs to file an appeal, Respondent suggests that this Court conduct an evidentiary hearing. At the hearing, Herman and Gibbs can both testify concerning the issue of whether Herman ever requested an appeal. After the hearing, this Court can make a finding on which of them is more credible and then either grant or deny Herman habeas relief.

Supp. Resp. (doc. 17) at 5.

Based on the State's submission, this Court ordered Herman to respond to Gibbs's affidavit:

> Herman's allegation in his Petition is sparse. The State has produced an affidavit specifically denying Herman's communication of an intent to appeal. Consequently, it is appropriate to require a Reply, or at least an affidavit, from Herman. He must set forth, in as much detail as possible, the facts that he believes show that he tried to appeal the trial court's judgment but counsel refused.
>     Although counsel must be appointed at Herman's request if the case goes forward to an evidentiary hearing, see Rule 8(c), Rules Governing Section 2254 Cases, counsel is not required at this time. All Herman must do is tell the Court how and when he tried to appeal and what counsel did or said in response.

Order to Pet'r to File Reply and Aff. (doc. 18) at 3. Herman failed to respond to the Order.

Consequently, there is no evidence in the record before the Court that Herman

instructed Gibbs to file a notice of appeal. There is no evidence that Gibbs should have consulted with Herman to determine whether he wanted to appeal. Herman cannot show a violation of a federal right. See Roe v. Flores-Ortega, 528 U.S. 470, 477-78 (2000). His fourth claim should be denied.

## IV. Certificate of Appealability

### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong."). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Lambright, 220 F.3d at 1025.

The COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

### B. Discussion

Herman alleged four grounds for relief. The first three fail because Herman misunderstands state law and, when the state law is taken into account, he cannot show the violation of a federal right. The fourth fails because Herman did not take advantage of two opportunities to allege facts to support his claim that counsel was instructed to file a notice of appeal but did not do so. Consequently, Herman has not made any showing that he was deprived of a federal right. He is not entitled to a COA.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Herman's Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter judgment, by separate document, in favor of Respondents and against Herman.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Herman may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Herman must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of November, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge